PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SECRETARY OF LABOR, | ) | |
| | ) | CASE NO. 4:11cv1374 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| NILES FAMILY DENTISTRY ASSOCIATES, INC., *et al.*, | ) ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** [Regarding ECF No. 12] |

This matter is before the Court upon Defendant Niles' Motion for Summary Judgment pursuant to Fed. R. Civ. Pro. 56. ECF No. 12.  The Court has reviewed the parties' briefs and the applicable law.  For the reasons that follow, the Court denies Defendants' motion.

I.

Defendant Niles Family Dentistry Associates, Inc., is a dental office in Niles, Ohio, owned and operated by Defendant Dr. Santucci.  Per medically accepted practice for certain oral procedures, Dr. Santucci and his office handle small quantities of mercury.  Mercury, if not handled appropriately, can pose health risks.  ECF No. 12 at 2.

Barbara J. Cunningham was employed by Defendants from August, 2007 to June, 2010 as a standard functional dental auxiliary at Defendants' workplace.  ECF No. 1 at 2.  Rene Dudley was employed by Defendants from April, 2005 to June, 2010 as a dental assistant at Defendants' workplace.  ECF No. 1 at 3.  During the course of their employment with Defendants, Cunningham and Dudley allegedly raised safety and health questions to Defendants on numerous occasions concerning the use of liquid mercury at Defendants' workplace.  ECF

(4:11cv1374)

No. 1 at 2, 3.

On June 2, 2010 and June 4, 2010 two mercury spills occurred at Defendants' office. ECF Nos. 1 at 2; 12 at 2.  On June 4, 2010 Dudley allegedly refused to handle or clean up the spilled mercury when asked to do so by Defendant Santucci.  ECF No. 1 at 3.  On June 5, 2010 Cunningham allegedly refused to work until the spilled mercury was adequately cleaned from Defendants' workplace and advised her co-workers not to work until the mercury was adequately cleaned.  ECF No. 1 at 2.  On or about June 6, 2010 a complaint was received in the Cleveland office of the Occupational Safety and Health Administration (OSHA) concerning mercury exposure in Defendants' workplace.  ECF No. 1 at 2-3.  Beginning on June 7, 2010 an OSHA investigator conducted an inspection at Defendants' workplace.  ECF No. 1 at 3.  Also on June 7 the entire office was professionally cleaned and sanitized by an independent, licensed contractor who performed the mercury abatement in compliance with both EPA and OSHA regulations.  ECF No. 12 at 2.

Following the OSHA inspection, Plaintiff alleges Defendant Santucci reduced the hours of Cunningham and Dudley and repeatedly cursed them, threatened them and subjected them to a hostile work environment.  ECF No. 1 at 3, 4.  Allegedly because of the work conditions described above, Dudley and Cunningham resigned from Defendants' employment on June 21 and 24, 2010, respectively.  ECF No. 1 at 3, 4.

On or about June 29, 2010 Cunningham and Dudley lodged formal complaints with the Plaintiff, Hilda L. Solis, the Secretary of Labor of the United States Department of Labor.  ECF Nos. 1 at 1, 4; 12 at 2.  Cunningham and Dudley alleged that the Defendants discriminated

(4:11cv1374)

against them in violation of Section 11(c) (1) of the Occupational Safety and Health Act of 1970 (the Act), 29 U.S.C. 651 et seq., in that Defendant Santucci's actions forced them to resign. ECF No. 1 at 4. Plaintiff thereafter investigated the above complaint. ECF Nos. 1 at 4; 12 at 2.

This action was commenced on July 6, 2011. ECF No. 1. Plaintiff alleges Defendants constructively discharged Cunningham and Dudley from employment, and have failed and refused and continue to fail and refuse to reinstate them and compensate them for the time they should have continued to work for Defendants. ECF No. 1 at 4. Thus, Plaintiff alleges Defendants did knowingly or maliciously discriminate and are discriminating against Cunningham and Dudley because of their exercise of rights pursuant to the Act, and thereby did engage in, and is engaging in conduct in violation of Section 11(c) of the Act. ECF No. 1 at 5. Defendants argue both employees "voluntarily resign[ed] following years of substandard performance and progressive discipline." ECF No. 12 at 2.

On July 20, 2012 Defendants filed a Motion for Summary Judgment pursuant to Fed. R. Civ. Pro. 56. ECF No. 12. Defendants argue Plaintiff did not provide proper notice to the complainants, Cunningham and Dudley, as required by 29 U.S.C. 660(c). ECF No. 12 at 5. Defendants further argue such failure to provide notice necessitates dismissal of the action. ECF No. 12 at 6. This matter is ripe for consideration.

II.

Summary judgment is appropriately granted when the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

3

(4:11cv1374)

see also Johnson v. Karnes, 398 F.3d 868, 873 (6th Cir. 2005). The moving party is not required to file affidavits or other similar materials negating a claim on which its opponent bears the burden of proof, so long as the movant relies upon the absence of the essential element in the pleadings, depositions, answers to interrogatories, and admissions on file. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The moving party must "show that the non-moving party has failed to establish an essential element of his case upon which he would bear the ultimate burden of proof at trial." Guarino v. Brookfield Twp. Trustees, 980 F.2d 399, 403 (6th Cir. 1992).

Once the movant makes a properly supported motion, the burden shifts to the non-moving party to demonstrate the existence of a genuine dispute. An opposing party may not simply rely upon its pleadings; rather, it must "produce evidence that results in a conflict of material fact to be resolved by a jury." Cox v. Ky. Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995). The non-moving party must, to defeat the motion, "show that there is doubt as to the material facts and that the record, taken as a whole, does not lead to a judgment for the movant." Guarino, 980 F.2d at 403. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

The United States Supreme Court, in deciding Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986), stated that in order for a motion for summary judgment to be granted, there must be no genuine issue of material fact. Id. at 248. A fact is "material" only if its resolution will affect the outcome of the lawsuit. Id. In determining whether a factual issue is "genuine," the court

4

(4:11cv1374)

must decide whether the evidence is such that reasonable jurors could find that the non-moving party is entitled to a verdict. *Id*. Summary judgment "will not lie . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. To withstand summary judgment, the non-movant must show sufficient evidence to create a genuine issue of material fact. *Klepper v. First Am. Bank*, 916 F.2d 337, 342 (6th Cir. 1990). The existence of a mere scintilla of evidence in support of the non-moving party's position ordinarily will not be sufficient to defeat a motion for summary judgment. *Id*.

### III.

Defendants argue Plaintiff did not provide proper notice to the complainants, Cunningham and Dudley, as required by 29 U.S.C. 660(c). The statute reads: "[w]ithin 90 days of the receipt of a complaint filed under this subsection the Secretary shall notify the complainant of his determination under paragraph (2) of this subsection." 29 U.S.C. 660(c)(3). Defendants allege Plaintiff did not give notice or attempt to give notice to complainants. ECF No. 12 at 5. Defendants further provide that "Congress establish[ed] the 90-day deadline so that in the event OSHA determines to take no further action following an investigation, the complainant can then pursue his or her own claims against the former employer." ECF No. 12 at 5.

As an initial matter, the Court notes the 90-day notice requirement, as Plaintiff and Defendants likewise note, is for the protection of complaining employees. *See* ECF Nos. 12 at 5; 13 at 4. Defendants do not purport to be complaining employees. Rather, Defendants contend that they were prejudiced by the lack of notice given the complainants, and that the lack of notice
5

(4:11cv1374)

given to complainants requires the Court to dismiss the action against Defendants with prejudice. ECF No. 14 at 1. Plaintiff argues the notice requirement is not a jurisdictional requirement but directory in nature, that complainants received sufficient informal notice as well as formal notice upon the filing of this lawsuit,[1] and that Defendants in any event cannot allege harm or prejudice caused by the alleged lack of notice.[2] ECF No. 13 at 4-5.

IV.

In *Marshall v. N.L. Industries, Inc.*, the Seventh Circuit dealt with a similar matter. 618 F.2d 1220 (7th Cir. 1980). In *Marshall*, the Secretary of Labor filed a lawsuit against an employer for terminating an employee after he refused to work due to an alleged unsafe work environment. *Id*. at 1221. On appeal, the defendant argued the complaint must be dismissed because the Secretary failed to comply with the 90-day notice requirement. *Id*. at 1224. After "assuming *arguendo* that defendant could invoke as a defense a provision calling for notification of the complainant," the court went on to note that the Labors Secretary's implementing regulation interpreted the provision as directory in nature, because instances may occur where

---

[1] Because the Court decides the case on other grounds, it does not reach the question of whether Plaintiff satisfied the notice requirement after the 90 days by filing this lawsuit.

[2] Defendants assert they have been harmed "by operating the dental office and incurring the cost of selecting and training new full-time employees for 282 days beyond the 90-day notice deadline." ECF No. 14 at 3. Defendants further state that "an opportunity to return to prior employment would have terminated any further computing employer back pay cost." ECF No. 14 at 3.
    Be that as it may, Defendants fail to account how lack of notice caused Defendants to hire two new employees to replace complainants. Defendants also fail to explain how lack of notice would have solved the back pay problem– Defendants do not argue, for example, that upon notice they would have hired complainants back, assuming complainants wished to return. Furthermore, even if Defendants were harmed in some conceivable way by the lack of notice, the remedy would lie in computing damages, not dismissing the entire action.

6

(4:11cv1374)

the 90-day period cannot be met. *Id*. (citing 29 C.F.R. § 1977.16.)³ The court found this interpretation reasonable and consistent with the remedial purposes of the Act and noted a similar rule had been adopted in another provision of the Act. *Marshall*, 618 F.2d at 1225 (citing *Marshall v. Western Waterproofing Co.*, 560 F.2d 947, 951-2 (8th Cir. 1977); *Chicago Bridge & Iron Co. v. Occupational Safety & Health Review Comm'n*, 535 F.2d 371, 375-77 (7th Cir. 1976) (finding substantial compliance with a mandatory walkaround provision would not bar the action, stating, "[w]e agree with so much of the *Accu-Namics* opinion as relates to the manifest purpose of the Act and the inadvisability of a policy which would automatically void citations because of procedural or technical violations on the part of the Government.")). The court then held noncompliance with the notice requirement did not bar the action. *Marshall*, 618 F.2d at 1225.

In the instant case, Defendants argue *Marshall* is "not applicable" because the court forgave the 90-day notice violation due to the fact that the case had gone to arbitration and notice may have hindered these efforts. ECF No. 14 at 3. Though it is correct to say the *Marshall* court considered arbitration efforts as one reason a Secretary might not comply with the notice requirement, the court did not exclusively rely on that fact alone to find that a notice violation

---

³ 29 C.F.R. § 1977.16 reads, "Section 11(c)(3) provides that the Secretary is to notify a complainant within 90 days of the complaint of his determination whether prohibited discrimination has occurred. This 90–day provision is considered directory in nature. While every effort will be made to notify complainants of the Secretary's determination within 90 days, there may be instances when it is not possible to meet the directory period set forth in section 11(c)(3)."

7

(4:11cv1374)

would not bar an action.  618 F.2d at 1224-5.

Furthermore, in *Brock v. Pierce County*, the Supreme Court found that the Secretary of Labor's non-compliance with a mandatory 120-day statutory deadline would not defeat his ability to recover misused funds.  476 U.S. 253 (1986).  In finding for the Secretary, the Court reiterated that:

> [t]his Court has frequently articulated the "great principle of public policy, applicable to all governments alike, which forbids that the public interests should be prejudiced by the negligence of the officers or agents to whose care they are confided."  *United States v. Nashville, C. & St. L.R. Co.*, 118 U.S. 120, 125 (1886).  *See also Guaranty Trust Co. v. United States*, 304 U.S. 126 (1938); *Stanley v. Schwalby*, 147 U.S. 508, 515 (1893) (internal citation omitted).  We would be most reluctant to conclude that every failure of an agency to observe a procedural requirement voids subsequent agency action, especially when important public rights are at stake.  When, as here, there are less drastic remedies available for failure to meet a statutory deadline, courts should not assume that Congress intended the agency to lose its power to act.

*Id*. at 260.

Given this clearly articulated principle, the instant Court finds that to dismiss the instant action at the behest of Defendant due to the Labor Secretary's alleged non-compliance with what appears to be a directory provision promulgated to protect complainant's rights would be drastic in nature and doctrinally unsound.  Contrary to Defendant's argument that the important public right in the instant matter is an employer's need for finality in OSHA investigatory processes, the public right the 90-day notice provision seeks to protect is the complainant's rights.  ECF Nos. 12 at 5; 14 at 3.  Defendants have not met their burden proving it is entitled to judgment as a matter of law.  As such, Defendant's motion for summary judgment is denied.

(4:11cv1374)

## V.

For the reasons stated above, the Court denies Defendants' Motion for Summary Judgment filed pursuant to Fed. R. Civ. Pro. 56.

IT IS SO ORDERED.

 Semptember 7, 2012             */s/ Benita Y. Pearson*
Date                                            Benita Y. Pearson
                                                       United States District Judge